43 F.3d 1479
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas William Sinclair RICHEY, Plaintiff-Appellant,
v.
James BLODGETT, Superintendent, et al., Defendants-Appellees.
 No. 93-35261.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1994.*
Decided Dec. 12, 1994.
 
 Before: POOLE, BRUNETTI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Richey, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in Richey's 42 U.S.C. Sec. 1983 action. In his action, Richey claimed that prison officials violated his due process and first amendment rights when they confiscated two manuscripts that he tried to mail after they discovered that the package contained an envelope that was designated "for use with legal materials only." We affirm.
 
 
 3
 The district court properly granted summary judgment as to Richey's due process claim because adequate post-deprivation remedies are available under state law. See Hudson v. Palmer, 468 U.S. 517, 530-33 (1984); Wash.Rev.Code Sec. 4.92 et seq.
 
 
 4
 The district court also properly granted qualified immunity to the defendants on Richey's first amendment claim.
 
 
 5
 When qualified immunity applies, the shield from section 1983 liability for damages will be lifted only if the party's conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Here, the relevant inquiry is whether the defendants reasonably could have believed that their conduct was lawful " 'in light of clearly established law and the information' " that they possessed. Baker v. Racansky, 887 F.2d 183, 187 (9th Cir.1989) (quoting Anderson v. Creighton, 483 U.S. 635, 641 (1987)).
 
 
 6
 It is the plaintiff's burden to prove that the right that the defendants violated was clearly established at the time of the alleged misconduct. Id. at 186; Backlund v. Barnhart, 778 F.2d 1386, 1389 (9th Cir.1985) (plaintiff must show that particular facts of case support claim of clearly established right). For a right to be clearly established, it must be " 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.... [I]n the light of pre-existing law the unlawfulness must be apparent.' " Baker, 887 F.2d at 186 (quoting Anderson, 483 U.S. at 639-40).
 
 
 7
 Prisoners retain those first amendment rights that are not inconsistent with their status as prisoners or with the legitimate penological goals of the corrections systems. Pell v. Procunier, 417 U.S. 817, 822 (1974). Prison regulations affecting a prisoner's first amendment rights are valid if they are reasonably related to legitimate penological interests. Thornburgh v. Abbott, 490 U.S. 401, 404 (1989) (citing Turner v. Safley, 482 U.S. 78, 89 (1987)). The relevant factors in determining whether a regulation is reasonable are as follows: (1) whether there is a valid, rational connection between the regulation and a legitimate and neutral government interest, (2) whether there are alternative means of exercising the constitutional right, (3) the impact the accommodation of the right will have on prison staff and other prisoners, and (4) whether the regulation is an exaggerated response to prison concerns, in light of readily available alternatives. Harper v. Wallingford, 877 F.2d 728, 732 (9th Cir.1989).
 
 
 8
 Here, pursuant to prison regulations, prison officials kept Richey's manuscripts as evidence for the disciplinary hearing regarding his improper use of a legal mail envelope for non-legal correspondence. Richey was told that he could have the manuscripts back after his disciplinary appeal was final. Retaining Richey's manuscripts during the disciplinary proceedings was reasonably related to legitimate penological interests and did not deny Richey his first amendment rights. See Abbott, 490 U.S. at 404.
 
 
 9
 After the appeals process was complete, however, prison officials did not return the manuscripts even though Richey said during the disciplinary proceedings that he wanted them back and allegedly requested the manuscripts from Superintendent Blodgett after the proceedings were over.[1]
 
 
 10
 Assuming that prison officials had an obligation to inform Richey of the proper procedures for obtaining his manuscripts, and assuming that their failure to do so rises to the level of an interference with Richey's first amendment rights, which we do not decide, the district court properly granted qualified immunity to the prison officials. Under the facts of this case, the omission was not so clearly a first amendment violation that prison officials would have recognized that their conduct was unlawful. See Baker, 887 F.2d at 186.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Richey eventually obtained his manuscripts through discovery in this case